FABIO E. MARINO (SBN 183825)
fmarino@polsinelli.com
TERI H.P. NGUYEN (SBN 267498)
thpnguyen@polsinelli.com
POLSINELLI LLP
1661 Page Mill Road, Suite A
Palo Alto, CA 94304
T: 650-461-7700
F: 650-461-7701

Eric R. Garcia (SBN 261101)
POLSINELLI LLP
2049 Century Park East, Ste. 2900
Los Angeles, CA 90067
T: 310-556-1801
F: 310-556-1802

Attorneys for Plaintiffs
LONATI, S.P.A. and PAM TRADING
CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LONATI, S.P.A., an Italian corporation, and PAM TRADING CORPORATION, a North Carolina corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SOXNET, INC., a California corporation, and ZHEJIANG YEXIAO KNITTING MACHINERY CO., LTD., a Chinese corporation.<br><br>Defendants. | Case No. 2:20-cv-05539 GW (JPRx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS BY ALTERNATIVE MEANS**<br><br>Date:     September 9, 2021<br>Time:     8:30 a.m.<br>Place:    9D, 9th Floor<br>Judge:   Hon. George H. Wu<br><br>Action Filed:   June 22, 2020 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on September 9, 2021, at 8:30 p.m., or as soon thereafter as the matter may be heard by the Court, in Courtroom 9D, 9th Floor, of this Court at 350 West 1st Street, Los Angeles, CA 90012, before the Honorable George H. Wu, Plaintiffs Lonati, S.p.A. and Pam Trading Corporation (collectively, "Plaintiffs") will and hereby does respectfully move the Court for an Order approving alternative methods for service of process on Defendant Zhejiang Yexiao Knitting Machinery Co., Ltd. ("Defendant" or "Yexiao") pursuant to Federal Rule of Civil Procedure 4(f)(3). While Plaintiffs continue to pursue service of process through the Hague Convention, given the difficulties to effectuate service of process through the Hague Convention, Plaintiffs seek approval of the service of process via facsimile and email.

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Fabio Marino, the pleadings and other papers on file in this action, and upon such argument as may be presented prior to the Court's determination of this matter.

Dated:  August 6, 2021                    Respectfully Submitted,

                                          POLSINELLI LLP


                                          */s/ Fabio E. Marino*
                                  By:     Fabio E. Marino

                                          Attorneys for Plaintiffs
                                          PAM TRADING CORPORATION
                                          and LONATI, S.P.A

1

PTLS' MOTION FOR ORDER RE: SERVICE OF PROCESS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PROCEDURAL HISTORY

Plaintiffs filed this patent infringement action against Defendants Yexiao and Soxnet, Inc. on June 22, 2020.  Dkt. 1.  Plaintiffs and Defendant Soxnet reached a settlement and Final Judgment Including Permanent Injunction was entered against Soxnet on December 21, 2020.  Dkt. 31.

On October 7, 2020, Plaintiffs, through their international process servers, submitted this case, with Chinese translations, to the Central Authority for China to be served on Yexiao in accordance with the Hague Service Convention.  *See* Declaration of Celeste Ingalls, Dkt. 35-1, ¶ 8.  When the Central Authority completes its review of the submission, the documents will be issued by the Central Authority for China to an appropriate Chinese court for execution and service on Yexiao.  *Id.*  Since the submission to the Central Authority for China, Plaintiffs have been diligent in apprising the Court of the status of the service.  *See, e.g.*, Dkt. 19 (10/19/20 Status Report); Dkt. 23 (11/10/20 Status Report); Dkt. 26 (12/3/20 Status Report); Dkt. 29 (12/17/20 Status Report); Dkt. 35 (2/23/21 Status Report); Dkt. 38 (6/28/21 Status Report).

In addition to the typical lengthy time frames to effect service via the Hague Convention, the service times in China have increased "exponentially and the Covid-19 crisis has further affected time frames."  Ingalls Declaration, Dkt. 35-1, ¶ 10.  Plaintiffs submitted the service of process papers to China's Central Authority

1

pursuant to the Hague Convention approximately ten months ago. Unfortunately, Plaintiffs still do not have a clear indication as to when the Central Authority will execute service on Yexiao.

As Plaintiffs informed the Court in their August 3, 2021 Status Report and during the August 5, 2021 status conference call, Plaintiffs want Yexiao served as soon as possible so Plaintiffs may adjudicate their claims and injuries against Yexiao's U.S.-based activities. Dkt. 42. Plaintiffs informed the Court they were considering filing a motion for service of process by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). Dkt. 42.

In light of these circumstances, and for the reasons set forth below, Plaintiffs submit that, in supplementation to process via the Hague Convention, providing notice of this action by alternative means via facsimile and email constitutes notice reasonably calculated under all circumstances to apprise Yexiao of the pendency of this action and afford Yexiao the opportunity to present its objections. *See, e.g.*, *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Sarieddine v. Vaptio, Inc.*, 2:20-cv-07785-VAP-MRWx, 2020 WL 8024863 (C.D. Cal. Dec. 2, 2020).

## II.    STATEMENT OF FACTS

Yexiao is a Chinese-based company that makes and sells knitting equipment

for the hosiery industry.[1]  Starting in or about 2015, Yexiao began copying closed-toe sock knitting machines of others by acquiring and examining close-toe machines made by other companies outside of China.  Dkt. 1, ¶ 34.  Plaintiffs believe that Yexiao acquired Lonati's patented closed-toe knitting machines and copied them.  *Id.*  Yexiao has sold, and continues to market, offer for sale, and sell its copycat closed-toe knitting machines in the United States and to U.S. customers.  *Id.*  Yexiao advertises direct shipping to the United States.  *Id.*  Indeed, Yexiao has sold and shipped infringing closed-toe knitting machines into the United States, including to now-settled Defendant Soxnet, Inc.  Dkt. 1, Dkts. 1-8 through 1-17.  Additional facts relating to Yexiao's unlawful patent infringement activities are detailed in the Complaint and are incorporated here by reference.  *See generally,* Dkt. 1.

Yexiao is headquartered in China and operates a website at http://zjyexiao.com (http://zjyexiao.com/en/ for the English version).  Dkt. 1-8. Yexiao's ***current*** "Contact Us" page for Yexiao's corporate website at http://zjyexiao.com/en/ lists the phone number, "0575-87150888", a fax number, "+86-575-87150617" and a contact email address, "boss@zjyexiao.com." Declaration of Fabio Marino, Exhibits 1 and 2 (printouts of zjyexiao.com/en/ and "contact us" page showing fax number and email address).

---

[1] Dkt. 1, Dkt. 1-8 (Complaint, Exhibit 8 (www.zjyexiao.com/en/index.php/about/about)).

3

PTLS' MOTION FOR ORDER RE: SERVICE OF PROCESS

In October 2019, Plaintiffs' representatives communicated directly with Yexiao sales representative, Amy Hou, regarding the technical specifications of the accused Yexiao machines and to place an order for two infringing Yexiao machines, which were shipped to the United States.  *See* Dkt. 1, ¶ 47-61.  The Performa Invoice that Yexiao provided to Plaintiffs' representatives detailing the terms of the sale and payment information identified "Amy Hou" as the direct contact with the email address "sales0209@163.com."  *See* Dkt. 1-15 (Ex. 15, Yexiao Performa Invoice).

Plaintiffs also identified contacts for other Yexiao representatives.  For example, a Uzbekistan company, Lima International Group, LLC, stated in a 2018 textile industry expo catalog that it represents the interests of Zhejiang Yexiao Knitting Machinery Co. Ltd. in Uzbekistan.  *See* Marino Declaration, Exhibit 3 (Yexiao Excerpt of Catalogue CAITME).[2]  The catalogue provided contact information for Yexiao, specifically identifying Yexiao's corporate website (www.zjyexiao.com) and email address, "agnes@zjyexiao.com."  *See id.*  More recently, Yexiao was profiled on a third-party website, "China Socks Network", at www.socksb2b.com.  *See* Marino Decl., Exhibit 4 (Socksb2b Yexiao Company Profile webpage).  The website identifies contact representative Ding Xiaojun and the email "manager01@zjyexiao.com."  *See id.*

---

[2] A copy of the full textile expo catalogue is publicly available here: https://www.caitme.uz/upload/iblock/38c/Catalogue_CAITME-2017.pdf.

4

## III.   ARGUMENT

### A.   The Court is Empowered to Authorize Service Via Facsimile and Email

Fed. R. Civ. P. 4(f) governs service of process upon individuals in foreign countries and provides three mechanisms of service:

> 1)   by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> 2)   if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: […] or
>
> 3)   by other means not prohibited by international agreement, as the court orders.

According to the Ninth Circuit, Rule 4(f) does not "create a hierarchy of preferred methods of service of process" and "court-directed service under Rule 4(f)(3) is as favored as service available" under the other two Rule 4(f) methods. *Rio Properties., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). As the Court explained, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* (citations omitted).

Service under Rule 4(f)(3) must be (1) directed by the court, (2) not expressly prohibited by an international agreement, and (3) reasonably calculated to give the defendant notice and an opportunity to be heard, to comport with

constitutional notions of due process.  *Sarieddine v. Vaptio Inc.*, No. 2:20-cv-07785-VAP-MRWx, 2020 WL 8024863, at *3 (C.D. Cal. Dec. 2, 2020).  Thus, Rule 4(f)(3) may allow the district court "to order a 'special method of service,' even if other methods of service remain incomplete or unattempted."  *Rio Properties, Inc.*, 284 F.3d at 1015.  "[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."  *Id.* at 1016 (citing cases); *Brockmeyer v. May,* 383 F.3d 798, 805-06 (9th Cir. 2004); *see, e.g.*, *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (condoning service of process by publication in the *Int'l Herald Tribune*); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176 (2d Cir. 1979) (affirming district court's authorization of service of process by ordinary mail to last known address); *Broadfoot v. Diaz* (*In re Int'l Telemedia Assoc.*), 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via facsimile, ordinary mail, and email); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (employing service by ordinary mail); *Smith v. Islamic Emirate*, Nos. 01 Civ. 10132, 01 Civ. 10144, 2001 WL 1658211, at *2-*3 (S.D.N.Y. Dec. 26, 2001) (authorizing service of process on terrorism impresario Osama bin Laden and al-Qaeda by publication); *Forum Fin. Group, LLC v. President, Fellows of Harvard College*, 199 F.R.D. 22, 23-24 (D. Me. 2001) (authorizing service to defendant's attorney); *New Eng. Merchs. Nat'l Bank*

6
PTLS' MOTION FOR ORDER RE: SERVICE OF PROCESS

*v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (allowing service by telex for Iranian defendants).

### B. The Hague Convention Does Not Prohibit Service Via Facsimile or Email Nor Has China Objected to Such Methods

Courts have agreed that service by alternative means, such as facsimile or email, are not prohibited by the Hague Convention, including for China-based defendants. *See, e.g.*, *Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) ("The Hague Convention does not prohibit service by e-mail or facsimile."); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (granting motion to serve Chinese defendant by email); *Nanya Tech. Corp. v. Fujitsu, Ltd.*, 2007 WL 269087, at *4-5 (D. Guam. Jan. 26, 2007).

While China has objected to service by postal mail, courts have declined to extend countries' objections to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail, to service by other alternative means such as email and facsimile. *See, e.g.*, *Sulzer Mixpac AG*, 312 F.R.D. at 331-32 (collecting cases holding that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10). "China's objection to service by postal mail does not cover service by email, and these forms of communications differ in relevant respects. Email communications may be more reliable than long-distance postal

PTLS' MOTION FOR ORDER RE: SERVICE OF PROCESS

communications, and the arrival of an email at its destination address may be more readily tracked." *Id*. at 332.  Further, while there may be strict and formal procedures for effectuating service in China, these are of little consequence to this Court's determination. *See Nanya Tech. Corp.*, 2007 WL 269087, at *4 (the Court should not consider the receiving country's laws of service when evaluating whether service pursuant to Fed. R. Civ. P. 4(f)(3) was proper).  Accordingly, service of process via facsimile and email can be appropriately ordered by this Court and effectuated under Fed. R. Civ. P. 4(f)(3) since they are not prohibited by the Hague Convention, and because China has not objected to such methods of service.  *See, e.g.*, *Rio Properties*, 284 F.3d at 1018; *Sport Lisboa E. Benfica-Futebol SAD v. Doe 1*, CV 18-2978-RSWL-E, 2018 WL4043182 (C.D. Cal. Aug. 21, 2018) (granting motion to serve Russian defendants by email); *Oakley, Inc. v. Yantai Lanlei Network Tech. Co.*, 1:20-cv-00396 (N.D. Ill. Jan. 30, 2020) (order directing service of process by e-mail delivery on Chinese defendants).

## C.    The Requested Methods Comport with Constitutional Notions of Due Process

The requested alternative methods of service, namely, via facsimile and electronic mail, comport with constitutional notions of due process because they are reasonably calculated, under all of the circumstances, to apprise Defendant of the pendency of this action and afford it an opportunity to present objections. *Nuance Comm'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1240 (Fed. Cir.

PTLS' MOTION FOR ORDER RE: SERVICE OF PROCESS

2010); *Rios Props.*, 284 F.3d at 1017.

As a result, courts have routinely recognized the validity of service by facsimile and electronic mail. *See, e.g., Nuance Comm'ns*, 626 F.3d at 1239 (approving email service of process); *Sport Lisboa E. Benfica-Futebol SAD v. Doe 1*, CV 18-2978-RSWL-E, 2018 WL 4043182, at *3 (C.D. Cal. Aug. 21, 2018) (finding service via email comports with constitutional notion of due process); *Oakley, Inc. v. Yantai Lanlei Network Tech. Co.*, 1:20-cv-00396 (N.D. Ill. Jan. 30, 2020) (order directing service of process by e-mail delivery on Chinese defendants); *Overstock.com, Inc. v. Visocky*, No. 1:17-cv-1331 (LMB/TCB), 2018 WL 5075511, at *4 ("Service of process through electronic and online communications, such as email and social networking messages, generally satisfy constitutional due process."); *Juniper Networks, Inc. v. Bahattab*, No. 07-1771 (PLF), 2008 WL 250584, at *2 (D.D.C. Jan. 30, 2008) (granting motion to serve via electronic mail and facsimile).

## IV.    REQUESTED RELIEF

For the foregoing reasons, Plaintiffs respectfully request that, in addition to the currently pending service via the Hague Convention, Plaintiffs' be permitted to provide notice of these proceedings to Defendant Yexiao, including service of process, pursuant to Federal Rule 4(f)(3) through the following alternative methods:

PTLS' MOTION FOR ORDER RE: SERVICE OF PROCESS

1.    Service of process via Yexiao's fax number provided on its corporate website: +86-575-87150617.

2.    Service of process to the following email addresses:

a.    Yexiao's corporate email address at boss@zjyexiao.com – identified on Yexiao's current corporate website.

b.    Amy Hou at email address sales0209@163.com – email address provided on Yexiao's Performa Invoice to Plaintiffs in October 2019.

c.    Ding Xiaojun at email address manager01@zjyexiao.com – email address of Yexiao manager.

d.    Agnes Wang at email address "agnes@zjyexiao.com" – corporate email address provided in 2018 textile industry expo catalog.

Plaintiffs submit that in addition to service through the Hague Convention, which has been pending for approximately 10 months, service of process through the aforementioned methods are not only proper and approved methods of service under Federal Rule 4(f), but are most likely to reach Yexiao.  Thus, Plaintiffs believe that these methods are "reasonably calculated to apprise [Yexiao] of the pendency of the action and afford it an opportunity to respond" and due process would be satisfied.  *Rio Properties*, 284 F.3d at 1017.

PTLS' MOTION FOR ORDER RE: SERVICE OF PROCESS

1

2    Dated:  August 6, 2021                          Respectfully Submitted,

3                                                     POLSINELLI LLP

4

5                                                     _/s/ Fabio E. Marino_
6                                          By:   Fabio E. Marino

7
                                                 Attorneys for Plaintiffs
8                                                PAM TRADING CORPORATION
                                                 and LONATI, S.P.A
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PTLS' MOTION FOR ORDER RE: SERVICE OF PROCESS